UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

NICOLE HENRY,

    Plaintiff,

v.     CIVIL ACTION NO. 5:25-cv-00437

PRIMECARE MEDICAL, INC. and
HELEN PERKINS and
HUMAYAN RASHID, MD, and
JOHN PENNINGTON, MA, LPC, NCC, NCSC, and
JOHN AND JANE DOE PRIMECARE EMPLOYEES,

    Defendants.

**MEMORANDUM OPINION & ORDER**

Pending are Defendants' Motion to Dismiss [ECF 22], filed August 28, 2025; Plaintiff's Motion for Protective Order and Stay of Discovery Pending Outcome of Motion to Enforce Settlement in Class Action [ECF 35], filed November 25, 2025; and Defendants' Motion to Extend Deadline to File Responsive Rule 26 Expert Disclosures, filed December 23, 2025 [ECF 45].

**I.**

Plaintiff Nicole Henry was incarcerated at Southern Regional Jail ("SRJ") at an unspecified time either as "a pretrial detainee or convicted inmate." [ECF 4 ¶ 1]. On August 1, 2025, Ms. Henry filed an Amended Complaint alleging the following claims: (1) Count I – "Medical Negligence," (2) Count II – "42 U.S.C. § 1983 – Eighth and/or Fourteenth Amendment Violations." [ECF 4].

**II.**

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice

because of [her] failure to prosecute cannot seriously be doubted." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). "A district court has inherent authority to dismiss a case for failure to prosecute" pursuant to *Federal Rule of Civil Procedure* 41(b). *United States ex. rel. Curnin v. Bald Head Island Ltd.*, 381 Fed. Appx. 286, 287 (4th Cir. 2010) (citing *Doyle v. Murray*, 938 F.2d 33, 34 (4th Cir. 1991)).

### III.

On October 15, 2025, the parties submitted a Joint Status Report informing the Court that Ms. Henry had been reported as a missing person. [*See* ECF 28]. On December 1, 2025, the Court scheduled a status conference for December 18, 2025, directed counsel to forward Ms. Henry a copy of the Order at her last known address, ordered Ms. Henry to appear in person, and notified her "that her failure to appear [would] result in dismissal of this action for failure to prosecute under [Rule] 41(b)." [ECF 38].

At the hearing, Mr. New explained a copy of the December 1, 2025, Order was sent to Ms. Henry's last known address, [*see* ECF 42; ECF 43], and a representative from his office visited Ms. Henry the previous day to confirm that she would attend the hearing. [*See* ECF 46]. However, on December 18, 2025, when attempting to call to confirm that Ms. Henry was en route to the hearing, Mr. New stated there was "a lot of yelling, and Ms. Henry [said] something to the effect of 'I don't know what you people want from me,' and hung up. And repeated attempts to reach [her]. . . were unsuccessful." [ECF 46 at 4].

*Local Rule of Civil Procedure* 41 allows the Court to dismiss for failure to prosecute where "the parties have shown no interest in further prosecution" after the Court provides "notice . . . that the action will be dismissed" in 30 days unless good cause is shown. L. R. Civ. P. 41.1. In determining whether to dismiss a case involuntarily, a Court considers: "(i) the degree of personal

2

responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant, (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989).

Ms. Henry was provided notice, 30 days have elapsed since the date of notice, and no good cause has been shown. *See* L. R. Civ. P. 41.1. Ms. Henry's personal responsibility and overall failure to prosecute this civil action are apparent, there appears to be no available sanction less drastic than dismissal, and Defendants will not be prejudiced by dismissal. Accordingly, the case is **DISMISSED WITHOUT PREJUDICE** to repleading.

### IV.

Based upon the foregoing discussion, the Court **DISMISSES WITHOUT PREJUDICE** the case. The Motion to Dismiss [**ECF 22**], Motion for Protective Order and Stay of Discovery Pending Outcome of Motion to Enforce Settlement in Class Action [**ECF 35**], and Motion to Extend Deadline to File Responsive Rule 26 Expert Disclosures [**ECF 45**] are **DENIED AS MOOT**.

The Clerk is directed to transmit copies of this written opinion and order to all counsel of record and any unrepresented parties.

ENTER: January 12, 2026

Frank W. Volk
Chief United States District Judge